IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LUIS MANUEL GARCÍA-DE MOTA<br>Defendant. | CRIMINAL NO. 25-132 (MAJ) |



PLEA AGREEMENT

TO THE HONORABLE COURT:



The United States of America, Defendant, Luis Manuel García-De Mota, and Defendant's counsel, Edgar L. Sánchez-Mercado, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:

**1. Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: On or about March 7, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Luis Manuel García-De Mota, who is an alien, as the term is defined in Title 8, United States Code, Section 1101(a)(3), and who has been previously removed from the United States after an aggravated felony conviction, was found in the United States, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent of the Secretary of Homeland Security to reapply for admission into the United States. All in

*United States v. Luis Manuel Garcia-De Mota,* 25-132 (MAJ)

violation of Title 8, *United States Code,* Sections 1326(a) & (b)(2).

## 2. Maximum Penalties

<u>Count One</u>: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of up to twenty years, pursuant to 8 U.S.C. § 1326 (b)(2); a fine not to exceed $250,000.00 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

## 3. Sentencing Guidelines Applicability



Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker,* 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.



## 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

*United States v. Luis Manuel Garcia-De Mota*, 25-132 (MAJ)

500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATION<br>8 U.S.C. § 1326(a) & (b)(2) | |
|---|---|
| Base Offense Level: U.S.S.G. § 2L1.2(a) | 8 |
| The defendant committed the instant offense after sustaining a conviction for a felony that is an illegal reentry offense, U.S.S.G. § 2L1.2(b)(1)(A) | +4 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1 | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 10 |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 6-12 | 8-14 | 10-16 | 15-21 | 21-27 | 24-30 |

*United States v. Luis Manuel García-De Mota,* 25-132 (MAJ)

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of not less than 8 months but not more than 14 months of imprisonment, regardless of the criminal history category determined by the Court, to be followed by a term of supervised release.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.




### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 14 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Edgar L. Sánchez-Mercado, Esq., and asserts that counsel has rendered effective legal assistance.



### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:



   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

   c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

*United States v. Luis Manuel García-De Mota,* 25-132 (MAJ)

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.




### 19. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 20. Potential Impact on Immigration Status

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, he may be removed from the United States, denied citizenship, and denied admission to the

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

United States in the future.

## 21. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

_____
Jenifer Y. Hernández-Vega
Assistant U.S. Attorney
Chief, Child Exploitation & Immigration
Dated: 6\6\2025

_____
Luis Manuel García-De Mota
Defendant
Dated: 6/10/25

_____
Steven Liong-Rodríguez
Special Assistant U.S. Attorney
Dated: 6/6/2025

_____
Edgar L. Sánchez-Mercado
Counsel for Defendant
Dated: 6/10/25

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 6/10/25

_____
Luis Manuel García-De Mota
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 6/10/25

_____
Edgar L. Sánchez-Mercado
Counsel for Defendant

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Luis Manuel García-De Mota, admits that he is guilty as charged in the Indictment and admits the following:

On March 7, 2025, around noon, agents of the Puerto Rico Police Department and special agents of the Drug Enforcement Administration (DEA) conducted a traffic stop on a 2004 Mitsubishi Outlander, gray in color, with license plate number FKW-280. The vehicle was traveling east to west on Road PR-3, in Rio Grande, Puerto Rico. The passenger on the front and right side of the vehicle was later identified as Luis Manuel García-De Mota. He provided a Dominican Republic passport, a Dominican Republic driver's license, and a Dominican Republic voting card, all bearing his name. Mr. García did not possess any document authorizing his stay in the United States.

The DEA agents contacted U.S. Border Patrol (BP) agents to conduct further immigration inspection on Mr. García, who was then taken to the DEA Office in Guaynabo, Puerto Rico. BP agents interviewed Mr. García, and he freely admitted to being a national and citizen of the Dominican Republic illegally present in the United States.

Record and biometric checks were conducted on Mr. García. They revealed the following immigration and criminal histories for Mr. García.

On June 9, 2001, BP agents interdicted Mr. García at sea with other 11 illegal aliens, attempting to enter the United States onboard a yawl-type wooden vessel. He was offered and granted voluntary departure to the Dominican Republic.

*United States v. Luis Manuel García-De Mota*, 25-132 (MAJ)

On August 6, 2008, in criminal case number 07-218 (JAF), Mr. García was convicted of conspiracy and aiding in abetting the bringing of illegal aliens to the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(I), (v)(I), and (v)(II), and was sentenced to total a term of imprisonment of 24 months, to be followed by a term of supervised release of 3 years.

On March 25, 2009, Mr. García was physically removed from the United States pursuant to an Administrative Removal Order as an aggravated felon, under 8 U.S.C. § 1228(b).

On February 12, 2014, in criminal case number 13-701 (JAF), Mr. García was convicted of reentry of removed alien after an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2), and was sentenced to a term of imprisonment of 41 months, to be followed by a term of supervised release of 3 years.

On October 18, 2016, pursuant to a Reinstatement of the Prior Order of Removal, Mr. García was physically removed from the United States to the Dominican Republic.

Mr. García illegally reentered the United States at a place other than a designated Port of Entry, and does not have any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, he was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection. Mr.

*United States v. Luis Manuel García-De Mota,* 25-132 (MAJ)

García is an alien as the term is defined in 8 U.S.C. § 1101(a)(3), and a national and citizen of the Dominican Republic.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

_____
Steven Liong-Rodríguez
Special Assistant U.S. Attorney
Dated: 6/6/2025

_____
Edgar L. Sánchez-Mercado
Counsel for Defendant
Dated: 6/10/25

_____
Luis Manuel García-De Mota
Defendant
Dated: 6/10/25